WESTERN DIS.
Sept. 1832.

DELAHOUSSAYE
vs.
DELACROIX.

by his curator, and by notarial act renounces his right of mortgage, is null and void, and such minor when he comes of age, may annul and set the sale aside and subject the property to his legal mortgage.

---

## DELAHOUSSAYE vs. DELACROIX.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

Where a mortgaged creditor pursues mortgaged property in the hands of a third possessor, he cannot pursue another portion of the property subject to the same mortgage in the possession of another purchaser, while he insists on his right to have the property in the hands of the first purchaser sold, or until it is discussed.

This is an hypothecary action against mortgaged property in the hands of the defendant, as third possessor. The plaintiff obtained a judgement against one Balthazar Delahoussaye, in the Probate Court of St. Martin, for two thousand five hundred and sixty-four dollars and interest; and which recognised a general mortgage on all the property of the debtor from October, 1814, until it was discharged. The defendant is in possession of a mulatto boy named Louis, sold as the property of B. Delahoussaye in March, 1823, and which is the object of the present suit. The plaintiff claims the boy Louis, as being subject to his mortgage.

The defendant cited A. D. Bienvenu in warranty, from whom he says he bought the slave in March, 1823. A. D. Bienvenu answers, that he bid off the slave at a sale under execution against B. Delahoussaye, at the request of Terence Delahoussaye, a brother, and who sold him to the defendant. He pleads discussion, and avers there is a tract of land, formerly belonging to B. Delahoussaye, and now in the possession of A. Dumartrail, subject to the plaintiff's mortgage, and which was last sold.

The court ordered the discussion to proceed accordingly, and all proceedings in this case, to be suspended in the meantime.

The plea of discussion having failed against Dumartrail, by the plaintiff's claim being barred by prescription, the warrantor in this case (A. D. Bienvenu) contends that the prescription was acquired by the negligence of the plaintiff to bring his action within four years after coming of age, to set aside the alienation of the land to Dumartrail, made by his curator.

There was judgement for the plaintiff, ordering the negro boy to be seized and sold to satisfy plaintiff's claim. Defendant appealed.

*Brownson,* for the plaintiff.

*Simon,* for the defendant:

I. We contend (supposing the judgement against Dumartrait to be affirmed) that the plaintiff having, by his own act, through his fault and by his negligence, put himself in such a situation, as to be unable to comply with the order of the court ordering the discussion, the loss ought to fall on him alone; and that as the defendant cannot now be subrogated to his rights, privileges, and mortgages on the property in pos_session of Dumartrait, the value of said property must be deducted from the amount of the claim for whom this suit is brought. This is the effect of the -exception *cedendarum actionem.*

2. The third possessor is entitled to be subrogated to the plaintiff's rights. *Pothier Hypotheques, vol.* 1, *p.* 38–9, § 6.

3. When the third possessor, who has paid the creditor, and the possessors of the other property subject to the same mortgage, have acquired them from the same vendor, there is a distinction to be made, if the third who is sued, has acquired his property since the sale to the other possessors, he cannot be subrogated, &c. But if the third possessor who is sued, has his sale anterior to the others, he is then entitled to his hypothecary action against them, &c.

4. If the creditor from whatever cause, has put himself in a situation to render it impossible to cede his rights to the third possessor, the exception *cedendarum actiorem* takes place, and the creditor must suffer the loss of the value of the property, to which he cannot cede his rights. *Pothier Hyp. vol.* 1, *p.* 39–40. *Ibid, vol.* 2, *p.* 23. *no.* 43. *Jurisprudence Hyp. par Guichard, vol.* 1, *p.* 392, *no.* 1. *Ibid, vol.* 2, *p.* 300, *no.* 3.

5. The loss the plaintiff should suffer is the value of the tract of land in the possession of Dumartrait. We admit, that if it does not amount to the plaintiff's claim, the property in the possession of the defendant, is liable for the balance. *Sirey, vol.* 15, *part* 1, *p.* 258. See *Sirey's Dig., p,* 28. *Word Hypothecaire, no.* 2.

MARTIN J., delivered the opinion of the court.

This is an hypothecary action, in which the plaintiff was required to discuss property previously liable to his mortgage, in the possession of Dumartrait. A judgement in favor of Dumartrait by the District Court, in the case just acted on, proceedings were had in the present suit, the property seized in the possession of the defendant was ordered to be sold, and he appealed.

As the plaintiff did not acquiesce in the judgement of the District Court in favor of Dumartrait, but insisted on his right to have the property in the possession of the latter sold, his proceedings in the present suit were premature.

DELAHOUSSAYE
vs.
DELACROIX.

Where a mortgaged creditor pursues mortgaged property in the hands of a third possessor, he cannot pursue another portion of the property subject to the same mortgage, in the possession of another purchaser, while he insists on his right to have the property in the hands of the first purchaser sold, or until it is discussed.

WESTERN DIS.     It is, therefore, ordered, adjudged, and decreed, that the
  *Sept. 1832.*   judgement of the District Court be annulled, avoided, and
PATTERSON        reversed; and the case remanded, with directions to the
    *vs.*         judge, not to proceed thereon until after the discussion of the
BLOSS ET AL.     property in the possession of Dumartrait, the appellee, paying
                 costs in this suit.